Adam D. Brumm, Esq.  SB#257906
Eden Environmental Defenders
1520 E. Covell Blvd, Suite B5-611
Davis, CA  95616
Telephone: (800) 545-7215, Extension 906
Email:  adam@edendefenders.org

Attorneys for Plaintiff
CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>     vs.<br><br>AIRGAS USA, LLC, dba AIRGAS NCN; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.:  2:24-cv-03547-AC<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS; REQUEST TO STRIKE AND/OR SUMMARILY DENY MOTION TO DISMISS** |

    Plaintiff Central Valley Eden Environmental Defenders ("Plaintiff") hereby OBJECTS to the Motion to Dismiss filed by Defendant Airgas USA, LLC ("Defendant") on Friday, January 17, 2025 (ECF Nos 18), on the basis that Defendant's Motion fails to comply with this Court's Standing Order; is in violation of FRCP 11(b), and further that it contains unsubstantiated, misleading and blatantly false information.

    Plaintiff notes for the record that this is the *second* time in less than ten days that Defendant and its counsel have intentionally violated Rule 11(b), Rules of this Court and multiple Rules of Professional Conduct.  (See ECF Nos. 7, 9 and 10)

    This Court's Standing Order entered in this matter on January 15, 2025, provides in Section I.C that "counsel shall engage in a pre-filing meet and confer to discuss thoroughly the

OBJECTION TO MTD– Page 1

substance of the contemplated motion and any potential resolution"; that "a notice of motion <u>shall</u> contain a certification by counsel filing the motion that meet and confer efforts have been exhausted" and further that "failure to comply with this requirement <u>will</u> result in the motion being summarily denied without prejudice."

Defendant's Motion to Dismiss fails to contain a certification by the filing counsel that meet and confer efforts were exhausted.  (See Declaration of Anna S. McLean, filed in support of Defendant's Motion to Dismiss, ECF No. 18-1).

Further, Defendant's Motion to Dismiss includes false and misleading statements with regard to Defendant's pre-filing meet and confer attempts.  Specifically, Defendant's Notice of Motion indicates that Defendant's counsel Timothy Bergere contacted Plaintiff's counsel by email on January 15, 2025, with a request to meet and confer regarding Defendant's pending Motion to Dismiss.  Defendant's Notice of Motion further states:  "*Mr. Brumm responded by email on Thursday, January 16 advising that his client would not approve any delay in the current trial schedule and reporting that he was unavailable for further consultation*."  (See Notice of Motion, page 1, lines 26-28)

As evidenced by the attached Declaration of Adam D. Brumm and Exhibit A thereto ("Brumm Dec")  Defendant's counsel requested that Plaintiff's counsel meet and confer immediately, within 24 hours.  Plaintiff's counsel responded that he was not immediately available.  (See Brumm Dec)

The unsupported allegation in Defendant's Notice of Motion that Plaintiff's counsel stated he was "*unavailable for further consultation*" is blatantly false.  As confirmed by the Brumm Dec and Exhibit A attached thereto, Mr. Brumm stated that he was not available "*that week*."  At no time, did Mr. Brumm indicate that he was "*unavailable for further consultation*."

Defendant's counsel did not respond to Plaintiff's counsel's email with a further request to meet and confer. (Brumm Dec, at ¶5)

OBJECTION TO MTD– Page 2

Furthermore, Defendant's deadline to respond to Plaintiff's complaint was extended to January 17, 2025.  It is Plaintiff's contention that Defendant could have filed an Answer to the Complaint, rather than a Motion to Dismiss.  Defendant's unfounded and unsubstantiated allegations of lack of Article III standing jurisdiction can be brought at any time during this litigation, after counsel for Plaintiff and Defendant have actually exhausted meet and confer efforts as required by this Court.

Instead, it is Plaintiff's contention that Defendant and its counsel are intent on violating Rule 11(b) by continuing to present to the Court motions which cause unnecessary delay and needlessly increase the cost of litigation, and which contain claims and legal contents unwarranted by existing law, including factual contentions which do not have evidentiary support and are objectively false.

Plaintiff also notes for the record that it has attempted for nearly three years to negotiate with Defendant to resolve Defendant's violations of the CWA and General Permit, which efforts have been steadfastly ignored by Defendant.

For the reasons set forth herein, Plaintiff requests that the Court strike Defendant's Motion to Dismiss filed on January 17, 2025.   Alternatively, Plaintiff requests that the Court summarily deny Defendant's Motion to Dismiss.

Dated:  January 24, 2025                    Respectfully,

                                            By:  ___/S/  Adam D. Brumm_____
                                                  Adam D. Brumm
                                                  Attorney for Plaintiff

## DECLARATION OF ADAM D. BRUMM

I, Adam D. Brumm, declare as follows:

1. I am the attorney of record for Plaintiff in this matter. If called as a witness, I could and would competently testify to the facts set forth herein.

2. On January 15, 2025, I received an email from attorney Timothy Bergere of the law firm of Armstrong Teasdale requesting an immediate telephonic meet and confer regarding a Motion to Dismiss that Defendant intended to file. (See Exhibit A attached hereto).

3. On January 16, 2025, I responded to Mr. Bergere's email, indicating that I was not available for the remainder of the week. (See Exhibit A attached hereto).

4. To date, I have not received any further communications from any of Defendant's four retained counsel related to a request to meet and confer, Defendant's pending Motion to Dismiss or any other matter.

5. Furthermore, my January 16, 2025, email constitutes my only communication with Defendant's counsel regarding meeting and conferring on any matter, including Defendant's pending Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 24, 2025          By: ___/S/ Adam D. Brumm_____
                                                                    Adam D. Brumm
                                                                    Attorney for Plaintiff

# EXHIBIT A

**From:** Adam Brumm <adam@edendefenders.org>
**Sent:** Thursday, January 16, 2025 6:04 PM
**To:** Timothy J. Bergere <TBergere@atllp.com>
**Cc:** Eden Environmental Defenders Responses <responses@edendefenders.org>; Michael Witsch <MWitsch@atllp.com>; Anna McLean <AMcLean@sheppardmullin.com>; Olivier Theard <OTheard@sheppardmullin.com>
**Subject:** Re: Case 2:24-cv-03547-DJC-AC Central Valley Eden Environmental Defenders, LLC v. Airgas USA, LLC Civil. [IWOV-IDOCS.FID5228567]

I'm not available this week, Mr. Bergere. Nor can I agree to any delays. Thanks.

Adam D. Brumm, Esq.
In-House Counsel

## *Eden Environmental Defenders*

1520 E. Covell Blvd, Suite B5-611
Davis, CA  95616

Telephone: (800) 545-7215, Extension 906

---

**From:** Timothy J. Bergere <TBergere@atllp.com>
**Sent:** Wednesday, January 15, 2025 6:27 PM
**To:** Adam Brumm <adam@edendefenders.org>
**Cc:** Eden Environmental Defenders Responses <responses@edendefenders.org>; Michael Witsch <MWitsch@atllp.com>; Anna McLean <AMcLean@sheppardmullin.com>; Olivier Theard <OTheard@sheppardmullin.com>
**Subject:** Case 2:24-cv-03547-DJC-AC Central Valley Eden Environmental Defenders, LLC v. Airgas USA, LLC Civil. [IWOV-IDOCS.FID5228567]

Mr. Brumm:

We are contacting you to comply with our obligation to consult with counsel before filling a Rule 12(b) motion in the above-docketed case.

Unfortunately, we do not believe the current Complaint, its attachments, or the public record, contain sufficient information about the Plaintiff to support the allegation that Central Valley Eden Environmental Defenders, LLC has members who may fairly allege the injury-in-fact required to establish standing under Article III of the U.S. Constitution. As best we can tell, plaintiff is a sole member LLC, whose sole member may not even be a resident of California. Although the LLC appears to have an "org" email address, we could not find any charitable organization registered under the LLC's name, and no apparent environmental organization associated with the plaintiff LLC has been registered as an affiliate with the California Secretary of State. In short, we could not find any evidence that the LLC has a membership roll to support the general allegation that it has "members" whose injuries are sufficiently established to confer Article III standing on the LLC. Could they be members of some other organization that is not apparent from the existing pleading?

No Rule 12(b) motion is needed if the LLC would agree to withdraw the Complaint at this time. Doing so would not prevent it from re-issuing a notice letter which more clearly establishes the LLC's standing, if that is possible. During the renewed and amended notice period, we would be interested in exploring the basis for the claimed injuries, the identity of the specific members or employees for whom the LLC is asserting the claims, and the substantive concerns raised in the July 2024 notice letter.

Alternatively, we are willing to enter a joint CMO which stays all proceedings except for a short period of discovery, perhaps 90 days, limited to the question of standing.  Following this limited discovery period, we would file (or not based on the discovery) a motion to dismiss based on standing and request a short hearing on the motion, limited to the issue of standing. If the Court finds that the evidence supports the claim of standing, or if we independently assess that standing has been established, we would promptly answer the Complaint, as filed, and proceed on a normal case management basis.

During this pause, we would be happy to have an open dialogue with the LLC on a path to resolution of the substantive claims,- to include possible actions at the Facility and with its permitting paperwork.

Are you available for a brief call tomorrow to confer on this matter? If you believe there is a comparable path that would permit a more careful vetting of the standing issue, we would be happy to discuss it.  I can send an invite for a call in the late morning or early afternoon PST.  If a different time would work better, please let me know.

I look forward to hearing from you. If one of these paths is acceptable,, please let me know and we will draft a joint or consented-to motion.  If you do not consent, we will move the Court as outlined above, requesting a short stay to permit discovery limited to the standing question, and for a hearing to determine the motion.

Thank you for your consideration of this request.

Tim Bergère

2005 Market Street, 29th Floor, One Commerce Square, Philadelphia, PA 19103
MAIN PHONE: 267.780.2000 | MAIN FAX: 215.405.9070
DIRECT: 267.780.2024 | Extension: 6324 | CELL: 610.316.3089
tbergere@atllp.com
www.armstrongteasdale.com
Always exceed expectations through teamwork and excellent client service.

Please consider the environment before printing this email.

---

********** **PRIVATE AND CONFIDENTIAL**********

**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient, Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by email (admin@atllp.com) or by telephone (+1 800.243.5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it. Armstrong Teasdale LLP may monitor email traffic data. Please read our Global Privacy Policy to find out how Armstrong Teasdale LLP processes personal information.**

**Armstrong Teasdale LLP is a Missouri-registered limited liability partnership organized under the laws of the State of Missouri, USA.**