Adam D. Brumm, Esq.  SB#257906
Eden Environmental Defenders
1520 E. Covell Blvd, Suite B5-611
Davis, CA  95616
Telephone: (800) 545-7215, Extension 906
Email:  adam@edendefenders.org

Attorneys for Plaintiff
CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>  vs.<br><br>AIRGAS USA, LLC,<br><br>        Defendants. | Case No.: 2:24-cv-03547-AC-DJC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  March 6, 2025<br>Time: 1:30 pm<br>Dept: 10<br>Honorable Daniel J. Calabretta |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    THE MTD IS NOT A FACTUAL CHALLENGE TO THE COMPLAINT ................. 2

    II.    STANDING IS DEMONSTRATED BY PRIMA FACIA ALLEGATIONS ................ 2

    III. PLAINTIFF HAS ASSOCIATIONAL STANDING TO BRING THIS SUIT ................ 3

        A.   Plaintiff's Complaint Alleges Facts Sufficient to Support Standing ........................... 3

        B.  Defendant Confuses Managing Members with Associational Membership ................. 4

        C.  Any Type of Organization Can Bring a Citizen Suit Under the CWA ......................... 5

        D.   Complaints Are Not Required to Include the Identity of the Associational ............... 6
        Member With Article III Standing ................................................................................. 6

        E.  Defendant's MTD Contains False, Erroneous and Unsupported Contentions .............. 7

    IV. PLAINTIFF's NOTICE LETTER IS LEGALLY SUFFICIENT ................................... 8

        A.  Plaintiff is Clearly Identified as the Person Giving Notice .......................................... 8

        B.  Notice Letters are Not Required to Address All SWPPP Revisions ............................ 8

        C.  Plaintiff's Notice Letter Provides Adequate Specificity .............................................. 9

CONCLUSION ......................................................................................................................... 9

DECLARATION OF ADAM D. BRUMM ............................................................................ 11

DECLARATION OF ERIC LUCAS ...................................................................................... 12

DECLARATION OF JASON ASTON ................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Barnum Timber Co. v. EPA*, 633 F.3d 894, 899 (9th Cir. 2011) ............................................................2

*Borden v. Bare*, No. 1: 20-cv-01103-AWI-EPG (E.D. Cal. May 12, 2022) ..........................................1

*California Sportfishing v. All Star Auto Wrecking*, 860 F. Supp. 2d 1144, 1152 (E.D. Cal. 2012).........2

*Doe v. Stincer,* 175 F.3d 879, 882 (11th Cir. 1999)..............................................................................7

*Ecological Rights Found. v. Pac. Lumber Co*. 230 F.3d 1141, 1147 (9th Cir. 2000).............................4

*Eden Environmental Citizen's Group LLC v. Laptalo Enterprises, Inc.*, No. 18-cv-05544-YGR (N.D. Cal. June 10, 2019) ......................................................................................................................5

*Eden Environmental Citizen's Group, LLC v. American Custom Marble, Inc.*, No. 19-cv-03424-EMC (N.D. Cal. Feb. 13, 2020) ..............................................................................................................5

*Friends of the Earth, Inc. v. Chevron Chemical Co.*, 129 F.3d 826, 827 (5th Cir. 1997).......................5

*Jessen v. County of Fresno*, No. 1: 17-cv-00524-DAD-EPG (E.D. Cal. Jan. 5, 2019)............................1

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005) ........................................................................3

*Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) ....................................................................2

*Martinez v. Flagstar Bank, FSB*, No. 2: 15-cv-01934-KJM-CKD (E.D. Cal. July 18, 2016) .................2

*Maya v. Centex Corp*., 658 F.3d 1060, 1068 (9th Cir.2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)) ..................................................................................................................................3

*National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015)...................................6

*Natural Resources Defense Council v. Southwest Marine, Inc.*, 236 F.3d 985 (9th Cir. 2000)...............8

*New Manchester Resort & Golf, LLC v. Douglasville Dev., LLC*, 734 F. Supp. 2d 1326 (N.D. Ga. 2010)...........................................................................................................................................6

*North Carolina Growers Ass'n v. Holly Ridge Assoc.*, 278 F. Supp. 2d 654 (D.N.C. 2003)...................5

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006).........................................................2

*Sherman v. Stryker Corp.,* 2009 WL 2241664 at *2 (C.D.Cal. Mar. 30, 2009).....................................3

*Sierra Association for Environment v. Federal Energy Regulatory Commission*, 744 F.2d 661 (9th Cir. 1984)...........................................................................................................................................5

*Smith v. Henry's Holdings, LLC,* No. 2: 21-cv-01030-KJM-DB (E.D. Cal. Jan. 25, 2022) ................... 1

*Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) .......................................................................... 4

*Summers v. Earth Island Institute*, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009) ................... 6

**STATUTES**

40 Code of Federal Regulation §135.3(a) ............................................................................................... 8

California Code of Civil Procedure § 369.5 ........................................................................................... 5

California Corporations Code §17701.05(b) .......................................................................................... 5

Federal Rule of Civil Procedure 11 ......................................................................................................... 1

Federal Rule of Civil Procedure 12(b)(1) ............................................................................................... 2

Federal Rule of Civil Procedure 17(b)(3)(A) ......................................................................................... 5

# INTRODUCTION

Plaintiff CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS ("Plaintiff") hereby opposes the Motion to Dismiss ("MTD") filed on January 17, 2025, by Defendant AIRGAS USA, LLC ("Defendant") in its entirety. Plaintiff also opposes Defendant's improper request for an Order staying the proceedings.

Plaintiff requests that Defendant's MTD be stricken from the record for failure of Defendant to comply with an Order of this Court, for the reasons discussed in the Objection filed by Plaintiff on January 24, 2025, as ECF Docket No. 20.

The district court may reject a motion which does not comply with Local Rules. *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 537 (9th Cir. 2001); *Harris v. Dillman*, 2010 U.S. Dist. LEXIS 91791, *6-7. Further, the court can act on violations of procedural rules where prejudice to a party is shown. *County of Orange v. Air California*, 799 F.2d 535, 537 (1986); *Borden v. Bare*, No. 1: 20-cv-01103-AWI-EPG (E.D. Cal. May 12, 2022); *Jessen v. County of Fresno*, No. 1: 17-cv-00524-DAD-EPG (E.D. Cal. Jan. 5, 2019)

Alternatively, Plaintiff requests that Defendant's Motion to Dismiss be summarily denied for Defendant's failure to comply with this Court's Standing Order, pursuant to Plaintiff's Objection filed on January 24, 2025, at ECF 8.

Plaintiff further generally opposes Defendant's MTD on the basis that it contains numerous objectively false statements and is wholly unsupported by any factual evidence, such that it was filed in contravention of Rule 11.[1]

Defendant's MTD also fails to cite any relevant legal authority for its frivolous legal contentions and was filed for the sole purpose of causing Plaintiff to incur additional expenses and to delay litigating the case on the merits.

The improper use of the Court's resources is particularly salient for cases filed in this District, as recently articulated by Chief District Judge Kimberly J. Mueller in *Smith v. Henry's Holdings, LLC,* No. 2: 21-cv-01030-KJM-DB (E.D. Cal. Jan. 25, 2022), which

---

[1] Plaintiff is in the process of finalizing and serving on Defendant's counsel a Rule 11 Motion for Sanctions.

Plaintiff's Opposition to MTD   -   Page 1

admonishes counsel not to present early filings "for any improper purpose," including to increase the costs of litigation needlessly.

## ARGUMENT

### I.     THE MTD IS NOT A FACTUAL CHALLENGE TO THE COMPLAINT

Defendant's MTD purports to assert both a facial and a factual challenge to the facts as asserted in Plaintiff's complaint.

To launch a successful factual challenge to Plaintiff's standing under Rule 12(b)(1), Defendant would need to demonstrate by admissible evidence that the allegations in Plaintiff's Complaint which give rise to standing are untrue. *California Sportfishing v. All Star Auto Wrecking*, 860 F. Supp. 2d 1144, 1152 (E.D. Cal. 2012). Defendant has failed to do so.

Because Defendant has produced absolutely no evidence, the factual assertions in the MTD which controvert the factual averments in Plaintiff's complaint are without merit and fail to raise a factual challenge under Rule 12(b)(1). Thus, Defendant's MTD merely attacks the sufficiency of the allegations in the Complaint to establish standing on its face, and Defendant's motion to dismiss under 12(b)(1) must be viewed as a wholly facial attack. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### II.    STANDING IS DEMONSTRATED BY PRIMA FACIA ALLEGATIONS

At the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of "specific facts plausibly explaining" why the standing requirements are met. *Barnum Timber Co. v. EPA*, 633 F.3d 894, 899 (9th Cir. 2011). At the initial stage of litigation, it is enough for a plaintiff to allege and not prove the elements of Article III standing. *Martinez v. Flagstar Bank, FSB*, No. 2: 15-cv-01934-KJM-CKD (E.D. Cal. July 18, 2016)

In the absence of an evidentiary hearing, the plaintiff need only make prima facie showing of jurisdictional facts to withstand a motion to dismiss. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006)   In deciding whether a plaintiff has made this showing,

1  we "accept as true all material allegations of the complaint" and "construe the complaint in
2  favor of the complaining party." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir.2011)
3  (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)

4  Generally, the court may not consider material beyond the pleadings in ruling on a
5  motion to dismiss for failure to state a claim. There are two exceptions: when material is
6  attached to the complaint or relied on by the complaint, or when the court takes judicial notice
7  of matters of public record, provided the facts are not subject to reasonable dispute. *Sherman
8  v. Stryker Corp.,* 2009 WL 2241664 at *2 (C.D.Cal. Mar. 30, 2009)

9  Neither of these two exceptions apply to Defendant's MTD, which does not include a
10 Request for Judicial Notice and does not cite to admissible evidence to support its
11 contentions.

12 Courts may consider extrinsic evidence only when plaintiff's claim depends on the
13 contents of a document; the defendant attaches the document to its motion to dismiss; and the
14 parties do not dispute the authenticity of the document. *Knievel v. ESPN*, 393 F.3d 1068, 1076
15 (9th Cir.2005)

16 The Declaration filed in support of Defendant's MTD contains nothing more than
17 Secretary of State filings and a copy of Plaintiff's Notice Letter issued to Defendant, none of
18 which supports any of Defendant's factual contentions or legal arguments. (See Declaration
19 of Anna McClean filed in support of Defendant's MTD, ECF No. 18-1, hereafter "McClean
20 Dec")

21 **III. PLAINTIFF HAS ASSOCIATIONAL STANDING TO BRING THIS SUIT**
22 A.  **Plaintiff's Complaint Alleges Facts Sufficient to Support Standing**

23 Defendant incorrectly asserts that Plaintiff's complaint fails to allege sufficient facts to
24 support standing.  Defendant also erroneously insists that Plaintiff's complaint must allege
25 that it has members in "*Eastern California*"; and that Plaintiff lacks standing because
26 "*nothing in the Complaint supports a finding that there are any Central Valley, LLC members
27 in Eastern California*".

28

To satisfy the Constitution's standing requirement, a plaintiff must show (1) it has suffered an `injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) The "injury in fact" requirement in environmental cases is satisfied if an individual adequately shows that he or she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that that interest is impaired by a defendant's conduct. *Ecological Rights Found. v. Pac. Lumber Co*. 230 F.3d 1141, 1147 (9th Cir. 2000)

Plaintiff's complaint contains sufficient averments when taken as true comply with Article III standing requirements.  (See Complaint, ECF 1, Section IV, at p.3-4, paragraphs 12-21).  What is more, Defendant's facility and its affected receiving waters are located in <u>Northern California</u>, not "*Eastern California*".

B.  **Defendant Confuses Managing Members with Associational Membership**

Defendant claims that Plaintiff cannot have associational members because of its legal formation as an LLC and because it does not charge a membership fee.  No comment is required for the latter proposition, which is ludicrous on its face.

Defendant appears to be arguing that unlike associational members of a non-profit organization, the "members" of a limited liability company are only those persons or entities with an ownership interest in the company.

Defendant offers no rationale or authority for this notion and appears to conflate managing members (owners, officers, directors) and associational members.

Managing members/owners of a limited liability company are by their nature distinct from associational members.  For example, a health club could be owned and operated by a limited liability company, and the names of its managing member(s) would appear on its Secretary of State documents.  However, no one could reasonably argue that individuals not listed on the health club's Secretary of State documents could not be associational members, utilizing the club and joining in with the club's mission of improving health and fitness.

Plaintiff's Opposition to MTD   -   Page 4

C. **Any Type of Organization Can Bring a Citizen Suit Under the CWA**

Defendant further claims that Plaintiff cannot be an environmental citizen's group and implies that it cannot bring CWA cases because it is not a charitable organization and is instead formed as a limited liability company. Simply put, there are no Ninth Circuit cases which stand for this proposition.

It is well settled that *any citizen* may bring an environmental citizen's suit. The capacity to sue of a partnership, limited liability company or other unincorporated association is determined by the law of the forum state, with certain limited exceptions. See FRCP 17(b)(3)(A)

Under California law, both partnerships and limited liability companies have the capacity to sue and be sued in the entity's name, and to defend any such action against it. Calif. CCP § 369.5 (partnerships and other unincorporated associations); Calif. Corps. Code §17701.05(b) (limited liability companies)

Even if Rule 17 did not apply, *Friends of the Earth, Inc. v. Chevron Chemical Co.*, 129 F.3d 826, 827 (5th Cir. 1997), citing *Sierra Association for Environment v. Federal Energy Regulatory Commission*, 744 F.2d 661 (9th Cir. 1984) confirm the Ninth Circuit holds that an organization's form under state law has no effect on Article III standing.

Further, multiple CWA citizen suits have been filed in the Northern and Eastern District by environmental membership group Eden Environmental Citizen's Group, LLC, which was formed as a California limited liability company in the same manner as Plaintiff. The Court specifically found that Eden Environmental Citizen's Group, LLC had Article III standing in *Eden Environmental Citizen's Group LLC v. Laptalo Enterprises, Inc.*, No. 18-cv-05544-YGR (N.D. Cal. June 10, 2019) and *Eden Environmental Citizen's Group, LLC v. American Custom Marble, Inc.*, No. 19-cv-03424-EMC (N.D. Cal. Feb. 13, 2020).

Federal Courts have specifically granted standing to associations and limited liability company's regarding CWA citizen suit enforcement. See *North Carolina Growers Ass'n v. Holly Ridge Assoc.*, 278 F. Supp. 2d 654 (D.N.C. 2003) Plaintiff not-for-profit corporation and plaintiff shell fishing association, claiming that defendant tract owners had violated

various sections of the CWA had associational standing where they had adequately alleged injury in fact, where their expressed concerns were entirely reasonable and fairly traceable to defendants' activities, and where relief they sought would redress injuries alleged); See also *New Manchester Resort & Golf, LLC v. Douglasville Dev., LLC*, 734 F. Supp. 2d 1326 (N.D. Ga. 2010)

### D. Complaints Are Not Required to Include the Identity of the Associational Member With Article III Standing

Defendant next argues that Plaintiff's complaint fails to adequately allege standing because it neither includes the actual names of Plaintiff's associational members with standing on its face, nor attaches their affidavits to the complaint.

This argument and the *Summers* case cited by Defendant has been addressed by the *La Raza* Court as follows:

> We are not convinced that *Summers*, an environmental case brought under the National Environmental Policy Act, stands for the proposition that an injured member of an organization must always be specifically identified in order to establish Article III standing for the organization.
> …..
> Where it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action, and where the defendant need not know the identity of a particular member to understand and respond to an organization's claim of injury, we see no purpose to be served by requiring an organization to identify by name the member or members injured. *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015)

Plaintiff submits that the *Summers* case is distinguishable from this matter. The *Summers* Court held failure to identify by name an associational member of Earth Island Institute who was suffering an ongoing "injury in fact" was evidence of a lack of standing because the conduct of the Defendant which formed the basis for Earth Island's originally stated injury in fact **had been settled** and the members were "no longer under threat of injury." *Summers v. Earth Island Institute*, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009).

Furthermore, in the Fifth and Eleventh Circuits, associational plaintiffs are not required to be named at all:

> These [three requirements of associational standing] are the sole requirements. Accordingly, . . . an association may bring suit on behalf of its members or constituents despite the fact that individual members have not actually brought suit themselves. *Nor must the association name the members on whose behalf suit is brought.* As we have stated, "neither unusual circumstances, inability of individual members to assert rights nor an explicit statement of representation are requisites." *Doe v. Stincer,* 175 F.3d 879, 882 (11th Cir. 1999) (quoting *Church of Scientology v. Cazares,* 638 F.2d 1272, 1279 (1981).

E. **Defendant's MTD Contains False, Erroneous and Unsupported Contentions**

Among the false, erroneous and unsupported factual contentions are the following:

1.  *Plaintiff has no associational members*. [Defendant's MTD p.8, lines 4-5, 15-23; p.13, line 10]   Defendant has no basis to make this claim and provides no support.  In fact, Defendant's MTD itself refers to the membership portion of Plaintiff's website in stating that the website "*invites anyone to join with no membership fee*."   Plaintiff does in fact have associational members. (See Declarations of Adam D. Brumm, Eric Lucas and Jason Aston filed herewith)

2.  *Plaintiff has no associational members in "Eastern California"*.  Apparently, the author of Defendant's MTD is unaware that the Central Valley and greater Sacramento area are located in the area commonly referred to as "Northern California", rather than "*Eastern California*".  As indicated in the complaint, Plaintiff has numerous associational members in Northern California, including those who work, reside and/or recreate on or near the Sacramento River and Defendant's facility.

3.  *Plaintiff's sole member, Eric Lucas, is an Alabama resident*.  Mr. Lucas is the managing member of Plaintiff's LLC.  He is **not** Plaintiff's sole associational member.  Furthermore, Mr. Lucas has never resided in or even visited Alabama.  In fact, he has been a California resident his entire life.  (See Declaration of Eric Lucas, at ¶¶2-4)

*4.    Plaintiff is currently affiliated with another LLC (also with no apparent members) in New Mexico.*   Defendant's MTD includes an out-of-date Statement of Information, which was superseded on February 14, 2023.  (See Exhibit D to McClean Dec)

*5.    Plaintiff is delinquent in its Annual Report, further obscuring its LLC structure*.  Defendant has neither explained this allegation, nor provided any evidence to support that "Plaintiff's Annual Report is delinquent."

Defendant's contention that Plaintiff's status as a limited liability company with only one managing member should subject Plaintiff to more intense scrutiny, without any legal or rational basis, is not only without merit, but also constitutes a chilling due process violation.

## IV. PLAINTIFF's NOTICE LETTER IS LEGALLY SUFFICIENT

### A. Plaintiff is Clearly Identified as the Person Giving Notice

Defendant contends that Plaintiff's notice letter is defective because it fails to include "the full name of the person giving notice."  This claim is objectively false.  Plaintiff's full name, address and telephone number are included in the notice letter. (See Exhibit A to the Complaint, ECF 1, at p.20; also included as Exhibit B to the McClean Dec)

To the extent that Defendant is arguing that a person other than Plaintiff is required to be named in the notice letter, such does not comport with the requirements of 40 C.F.R. §135.3(a).

### B. Notice Letters are Not Required to Address All SWPPP Revisions

Defendant next complains that Plaintiff's notice letter is defective because "*it does not address the current SWPPP*" and "*speaks to an out-of-date SWPPP*".  However, not only is this a factual issue not appropriate for disposition at this stage, but also it is a legally untenable argument.

Specifically, the Ninth Circuit held in *Natural Resources Defense Council v. Southwest Marine, Inc.*, 236 F.3d 985 (9th Cir. 2000) that the plaintiff's original notice letter, which did not discuss a subsequent SWPPP revision, adequately satisfied statutory requirements.

Here, Plaintiff's July 5, 2024, notice letter was itself an "amended notice". Plaintiff had previously provided two notice letters to Defendant: one on September 15, 2021; and the second on October 26, 2022. (See Brumm Dec, at ¶¶5-7)

Plaintiff's September 15, 2021, and October 26, 2022, reference Defendant's SWPPP in effect as of that date of the notice and discuss the manner in which the SWPPP was deficient. (Brumm Dec, at ¶¶5-7)

Further, Defendant's contention that Plaintiff's First, Second, Fourth, Fifth and Sixth Causes of Action relate to the sufficiency of Defendant's SWPPP is both unsupported and objectively false. Only the First Cause of Action relates to the sufficiency of Defendant's SWPPP.

### C.  Plaintiff's Notice Letter Provides Adequate Specificity

Defendant further claims without any basis that Plaintiff's notice letter is "defective" because it "*does not identify precisely what Airgas did wrong*" and "*vaguely asserts Plaintiff's injuries without sufficient factual background or basis*."

A review of Plaintiff's Notice Letter attached as Exhibit B to the McClean Dec (and also attached as Exhibit A to Plaintiff's complaint) confirms that Plaintiff provided very specific and detailed information in a 21-page notice letter which discusses every aspect of Defendant's violations of the General Permit and CWA, identifying *exactly* what Defendant "*did wrong and when*." In fact, the categories of violations discussed in the notice letter(s) comport with the causes of action in Plaintiff's complaint, and the complaint itself refers back to the notice letter and incorporates it by reference.

### CONCLUSION

Plaintiff requests that this Court deny Defendant's MTD in its entirety.

Alternatively, Plaintiff requests that in the event this Court fails to timely rule on Plaintiff's Objection to Defendant's MTD, Plaintiff be allowed an opportunity to file a supplemental Opposition if necessary; and that if this Court finds in favor of Defendant on

*any* portion of Defendant's MTD that Plaintiff be allowed to amend its Complaint without leave of Court under FRCP 15(a)(1)(b).

    Dated: January 31, 2025                    Respectfully,

                                            By:   */S Adam D. Brumm*
                                                   Adam D. Brumm
                                                        Attorney for Plaintiff

## DECLARATION OF ADAM D. BRUMM

I, Adam D. Brumm, declare as follows:

1. I am the attorney of record for Plaintiff in this matter. If called as a witness, I could and would competently testify to the facts set forth herein.

2. I have personal knowledge that Plaintiff has multiple associational members who reside, work and/or recreate in the greater Sacramento area, near the Sacramento River.

3. I have personal knowledge that Plaintiff is not associated with any out-of-state entity.

4. I have personal knowledge that Plaintiff is an environmental citizen's group, as confirmed by its filings in this Court in this and other matters and by its filings with the California Secretary of State.

5. I have personal knowledge that to date Plaintiff has issued three notice letters to Defendant, on the following dates: September 15, 2021; October 26, 2022; and July 5, 2024.

6. I have personal knowledge that all three of the notice letters Plaintiff issued to Defendant contained Plaintiff's full legal name, address and telephone number.

7. I have personal knowledge that all three of the notice letters Plaintiff issued to Defendant provided sufficiently detailed information about deficiencies in Defendant's current SWPPP.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 31, 2025          By: __/S/ Adam D. Brumm_____
                                         Adam D. Brumm

## DECLARATION OF ERIC LUCAS

I, Eric Lucas, declare as follows:

1.　I am the current managing member of Central Valley Eden Environmental Defenders, LLC ("EDEN").

2.　I have not now, nor have I ever, been a resident of the state of Alabama. In fact, I have never stepped foot in the state of Alabama.

3.　I have been a resident of California continuously since birth.

4.　I currently reside and work in northern California.

5.　I have personal knowledge that since at least January 1, 2020, EDEN has consistently had multiple associational members who reside, work and/or recreate in the Sacramento, California area, near or on the Sacramento River, including myself.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 31, 2025　　　　　　　By: __/S/_Eric Lucas_____
　　　　　　　　　　　　　　　　　　　　　　　Eric Lucas

**DECLARATION OF JASON ASTON**

I, Jason Aston, declare as follows:

1. I am a current associational member of Central Valley Eden Environmental Defenders, LLC ("EDEN"). I have been a member continuously since July 1, 2024.

2. I regularly fish and recreate in and around the Sacramento River, downstream from where Morrison Creek reaches the Sacramento River, among other areas. I believe this to be the area affected by polluted stormwater runoff from Defendant Airgas' facility.

3. I have fished in many areas of the Sacramento River for the last twenty years and plan to continue to do so, including the area unfortunately affected by polluted stormwater from Defendant Airgas' facility.

4. I have looked at photographs and drone footage of Defendant Airgas' facility. I have observed spills of industrial materials and chemicals near storm drains, as well as acres of their facility completely full of trash, debris, broken equipment, used and rusted metal and cannisters, wood and plastic—all exposed to stormwater that enters untreated into the Sacramento River.

5. I am aware of multiple other ongoing violations of California's Industrial General Permit and the Clean Water Act committed by Airgas, as mentioned in EDEN's notice letter and complaint.

6. I believe that polluted stormwater runoff from Airgas' facility reaches and enters the Sacramento River via Morrison Creek and contributes to diseased and malformed fish.

7. I also believe that polluted stormwater runoff from Airgas' facility has contributed to the degradation and contamination of the Sacramento River.

8. Knowledge of Airgas' General Permit and Clean Water Act violations and how these violations have been detrimental to the fish swimming in the Sacramento River downstream from where Airgas' polluted stormwater runoff enters Morrison Creek and the Sacramento River has caused and continues to cause me distress, sadness, and a greatly diminished desire to fish in the Sacramento River.

9. Since at least July 1, 2024, I have experienced both continuous and ongoing harm and emotional outrage due to Airgas' refusal to follow environmental regulations and its willingness to allow its polluted storm water run-off to contaminate the Sacramento River.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  January 31, 2025            By:  ___/S/ Jason Aston_____
                                         Jason Aston